## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

SERVICE EMPLOYEES
INTERNATIONAL UNION NATIONAL
INDUSTRY PENSION FUND, *et al.*,

      Plaintiffs,

v.

STAR DETECTIVE & SECURITY
AGENCY INCORPORATED,

      Defendant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 05-2173 (RMC)

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO AMEND JUDGMENT

      Come now Service Employees International Union National Industry Pension

Fund and the Board of the Trustees of the SEIU Fund (hereinafter the "Plaintiffs"), and

submit this memorandum of law in support of the Plaintiffs' simultaneously filed Motion

to Amend Judgment.  On November 16, 2006, this Court entered an Order in favor of the

Plaintiffs.  Doc. 10.[1]  This Order referred to the Defendant by the name "Star Detective

Agency, Inc."  Doc. 10.  The Plaintiffs respectfully request that this Order be amended to

reflect the defendant's actual name "Star Detective & Security Agency Incorporated."

## FACTUAL AND PROCEDURAL BACKGROUND

      Star Detective & Security Agency, Incorporated (hereinafter the "Defendant") is

an Illinois Corporation in good standing.  Ex. A.[2]  The Defendant's address is 813 East

---

[1] The citation to "Doc.___" refers to the docket entry number as assigned in this Court's CM/ECF system for this case.
[2] A Certificate of Good Standing for the Defendant is attached to this Memorandum of Law as "Exhibit A." This Certificate of Good Standing was obtained from the official website of the Office of the Secretary of State for the State of Illinois on January 25, 2008.  The Authentication Number for this Certificate of Good

75th Street, Chicago, IL 60619.[3]  The Defendant is the only entity incorporated in Illinois with a name containing the words "Star Detective."[4]

The Defendant was party to a collective bargaining agreement ("Agreement") with Service Employees International Union Local 1 and Local 73 (hereinafter "SEIU Local 1" and "SEIU Local 73" respectively) covering the terms and conditions of employment of certain of the Defendant's employees.  Doc. 7, Declaration of John Sahm at ¶ 5.  The Agreement obligated the Defendant to participate in and make contributions to the SEIU National Industry Pension Fund.  Doc. 7, Decl. Sahm at ¶ 5.  From January 2000 until at least April 25, 2006, the Defendant "failed to remit contributions and contribution reports."  Doc. 7, Decl. Sahm at ¶7.  Pursuant to the terms of the Agreement, the Defendant incurred late charges for this failure to make contributions.  Doc. 7, Decl. Sahm at ¶8.

On November 4, 2005, the Plaintiffs filed a complaint against the Defendant "to collect delinquent contributions" owed by the Defendant (hereinafter the "Complaint").  Doc. 1 at ¶1.  Throughout the Complaint, the Plaintiffs mistakenly referred to the Defendant as "Star Detective Agency."  Doc. 1.  Despite this clerical mistake, the Complaint correctly stated the Defendant's address as "813 East 75th Street, Chicago, IL

---

Standing is 0802501132.  "A court may judicially notice public records and government documents, including those available from reliable sources on the Internet."  *Dulaney v. U.S.*, 472 F. Supp. 2d 1085, 1086 (S.D. Ill. 2006) (internal citations omitted); *see also Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 931 n.2 (S.D. Ill. 2006); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003); *Ligon v. Doherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002).

[3] www.ilsos.gov/corporatellc (The preceding URL opens a search page on the Illinois Secretary of State's official website where users may locate information and determine the status of entities incorporated in Illinois.  To locate information regarding the Defendant, the user must follow five easy steps.  Step One: Select "Corporate and LLC."  Step Two: Select "By Name."  Step Three: Type "Star Detective."  Step Four: Click on "Submit."  Clicking on "Submit" will take the user to a page that contains all the results that match the user's entered search criteria.  There is only one search result matching the above-mentioned search criteria.  Step Five: Click on "STAR DETECTIVE & SECURITY AGENCY INCORPORATED.")

[4] A search consistent with that enumerated in footnote 3 above demonstrates that the Defendant is the only entity incorporated in Illinois with a name containing the words "Star Detective."

60619," and it was properly served to Benetta Rogers, H.R. Manager of Star Detective & Security Agency, Incorporated at the Defendant's corporate offices on November 22, 2005.  Doc. 1 at ¶8; Doc. 3; Doc. 7, Memorandum of Points and Authorities in Support of Motion for Judgment by Default at ¶6.

When the Defendant failed to file an answer to the Plaintiffs' Complaint, the Plaintiffs filed a Motion for Judgment by Default on April 26, 2006.  Doc. 7.  Again, the Plaintiffs mistakenly referred to the Defendant as "Star Detective Agency."  Doc. 7. Again, the Defendant failed to file any reply or opposition.  On October 2, 2006, this Court issued an Order to Show Cause why the Plaintiffs' Motion for Judgment by Default should not be granted.  Doc. 9.  This Court adopted the Plaintiffs' clerical mistake to the limited extent of referring to the Defendant as "Star Detective Agency."  Doc. 9.  Despite this clerical mistake, this Court indicated that a copy of the Order to Show Cause was to be sent to the Defendant's actual address at "813 East 75th Street, Chicago, Illinois 60619."  Doc. 9.  When the Defendant failed to "show cause" by the October 23, 2006 deadline set in the Order to Show Cause, this Court issued an Order granting the Plaintiffs' Motion for Judgment by Default on November 16, 2006.  Doc. 9; Doc. 10. This Order also mistakenly referred to the Defendant as "Star Detective Agency."  Doc. 10.  Despite this clerical mistake, this Court indicated that a copy of the Order was to be sent to the Defendant's actual address at "813 East 75th Street, Chicago, Illinois 60619." Doc. 10.

## ARGUMENT

The Plaintiffs move this honorable Court to amend its November 16, 2006 Order to reflect the Defendant's actual name "Star Detective & Security Agency, Incorporated."

The Court has authority to grant the Plaintiffs' motion pursuant to Fed. R. Civ. P. 60.

That rule states in relevant part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a) (2007).

The Court of Appeals for the D.C. Circuit has recognized that incorrectly or inaccurately stated party names contained in judgments may constitute clerical mistakes subject to amendment pursuant to Fed. R. Civ. P. 60.  *Tillman v. Tillman*, 172 F.2d 270, 274 (D.C. Cir. 1948).  Other federal courts have recognized and applied the same principle.  In *Fluoro Electric Corporation v. Branford Associates*, the Court of Appeals for the Second Circuit affirmed "[t]he order of the district court, granting the plaintiff's motion under Rule 60 to substitute 'Branford Associates' for 'Branford Associates, a corporation,' as the named defendant in the action..."  *Fluoro Elec. Corp. v. Branford Associates*, 489 F.2d 320, 326 (2d. Cir. 1973).  The District Court for the Eastern District of Virginia recognized the same principle when it stated:

> The Court has entered an order, pursuant to Rule 60, Federal Rules of Civil Procedure, correcting the name of the judgment debtor in Silas so as to read Paroh Steamship Corporation, rather than Paroh Steamship Company. The process was received by Paroh Steamship Corporation at the address of its place business. It is clear that this is a mere clerical error or misnomer which should be corrected.

*Silas v. Paroh S. S. Co.*, 175 F.Supp. 35, 38-39 (E.D. Va. 1958) (judgment vacated on other grounds).  As did the District Court for the Eastern District of Kentucky when it held "Rule 60(a), Federal Rules of Civil Procedure, authorizes correction *at any time* of clerical mistakes in judgments or other parts of the record and errors therein arising from

oversight or omission." *Anderson v. Brady*, 6 F.R.D. 587 (E.D. Ky. 1947) (emphasis supplied).

In a case factually similar to the present case, the Court of Appeals for the Second Circuit considered whether the lower court properly granted the plaintiff's motion to amend its judgment pursuant to Fed. R. Civ. P. 60. *Fluoro*, 489 F.2d at 321-22. The plaintiff, Fluoro, had filed suit against "Branford Associates, a corporation." *Id*. The named defendant's actual name was "Branford Associates." *Id*. "Branford Associates" was a partnership, not "a corporation." *Id.* at 324. This clerical mistake went unchallenged throughout the trial and judgment was entered against "Branford Associates, a corporation." *Id*. When this clerical error prevented the plaintiff from executing the judgment, the plaintiff filed a motion pursuant to Fed. R. Civ. P. 60 to amend the judgment to reflect the defendant's actual name, "Branford Associates." *Id*. at 322-23. The trial court granted plaintiff's Rule 60 motion and "directed the clerk 'to substitute 'Branford Associates' for 'Branford Associates, a corporation''…" *Id*. at 323. The defendant appealed. *Id*. The Court of Appeals affirmed the trial court's ruling on the Rule 60 motion finding that the styling of the defendant's name in the judgment as "Branford Associates, a corporation" was a clerical mistake subject to amendment under Fed. R. Civ. P. 60. *Id*. at 324.

The Court of Appeals justified its ruling on several grounds. First, the name "Branford Associates, a corporation," which Fluoro stated as the defendant's name in the complaint, "never existed." *Id*. Second, "[o]ne of the partners of Branford Associates… was personally served in the original suit." *Id*. Third, Branford Associates was a party to

the contract with Fluoro that served as the basis for Fluoro's complaint against Branford Associates.  *Id*. at 324-25.

      The facts of the present case are sufficiently similar to those in *Fluoro* to justify an extension of the reasoning of the Court of Appeals for the Second Circuit to reach the conclusion that the Plaintiffs Motion to Amend Judgment should be granted.  As in *Fluoro*, where a breach of the contract between Fluoro and Branford Associates constituted the basis of Fluoro's complaint against Branford Associates, a breach of the contract between the Plaintiffs and the Defendant also constituted the basis of the Plaintiffs' complaint against the Defendant.  *Compare Fluoro*, 489 F.2d at 324-25 *with* Doc. 1 and Doc. 7, Decl. Sahm at ¶¶ 5-7.  This similarity is significant because, notwithstanding any clerical mistake in the complaint, the existence of a contract between the parties demonstrates that the defendant knew or should have known that it was the actual party against whom the plaintiff sought relief.  As in *Fluoro*, where Branford Associates accepted service of Fluoro's complaint containing a clerical mistake, the Defendant accepted service of the Plaintiffs' complaint containing a clerical mistake.  *Compare Fluoro*, 489 F.2d at 324-25 *with* Doc. 3.  This similarity is significant because it demonstrates that, despite the clerical mistake in the complaint, the defendant was sufficiently identified as the party from whom the plaintiff sought relief.  That is, in both cases the defendant's failure to refuse or challenge service of the complaint tends to show that the defendant recognized that it was the party against whom the plaintiff sought relief.[5]  As in *Fluoro*, where the District Court granted, and the Court of Appeals

---

[5] The proper identification of the Defendant in this case is further corroborated by the match between the address of the Defendant listed on the official website of the Office of the Secretary of State for the State of Illinois and the address upon which the Complaint and the November 16, 2006 Order of this Court were served.

affirmed, Fluoro's Rule 60 motion to amend the judgment to reflect Branford Associates proper name, the Court should grant the Plaintiffs' motion to amend the judgment of this Court in this matter to reflect the Defendant's proper name "Star Detective & Security Agency Incorporated."

## <u>CONCLUSION</u>

Based on the aforementioned, the supporting authorities cited therein, and the attached exhibit, the Plaintiffs respectfully move this Court to amend its November 16, 2006 Order to reflect the Defendant's actual and proper name "Star Detective & Security Agency Incorporated."

Respectfully submitted,

_____/s/_____
Richard C. Welch (Bar #485756)
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 783-0010
Fax: (202) 783-6088

Counsel for Plaintiffs

Dated: January 31, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Memorandum of Law in Support of the Plaintiffs' Motion to Amend Memorandum Order and Judgment and this Certificate of Service was mailed this 31st day of January 2008 by certified mail, postage pre-paid, return receipt requested, to:

> Benetta Rogers
> Human Resources Manager
> Star Detective & Security Agency, Incorporated
> 813 East 75th Street
> Chicago, IL 60619

_____/s/_____
Richard C. Welch (Bar #485756)
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 783-0010
Fax: (202) 783-6088

Counsel for Plaintiffs

Dated: January 31, 2008