IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STAR DETECTIVE & SECURITY AGENCY, INCORPORATED<br><br>Defendant. | Case No.: 1:05-CV-02173-RMC |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT

Star Detective & Security Agency, Inc. ("Star Detective"), by undersigned counsel and pursuant to Federal Rules of Civil Procedure 55 and 60, and the Local Rules of this Court, hereby submits this Memorandum of Points and Authorities in Support of its Motion to Vacate Default Judgment.

### INTRODUCTION

Plaintiffs Service Employees International Union National Industry Pension Fund and Board of Trustees of the Service Employees International Union National Industry Pension Fund ("Plaintiffs") filed this action against Star Detective. Plaintiffs requested that Star be ordered to produce its books and records so that an audit could be conducted to determine the amount of the unpaid contributions if any due and owing to the Plan. The prayer for relief also sought payment of those as yet to be determined contributions. Star Detective, it is alleged, is obligated to make contributions to Plaintiff Service Employees International Union National Industry Pension Fund ("Pension Fund") pursuant to a collective bargaining agreement between Star Detective and Service Employees International Union Local 73 ("Agreement").

DC1 30227330.3

## FACTS

Plaintiffs filed this Complaint on November 4, 2005. Plaintiffs never served, or alternatively, never properly served Star Detective and, unaware of the lawsuit, Star Detective filed no responsive pleadings. Thereafter, on December 27, 2005, Plaintiffs filed an Affidavit in Support of Default. It contains a certificate of service indicating service by mail. Unknown to Plaintiffs, Star Detective was experiencing difficulties with mail delivery by the U.S. Post Office. These difficulties are documented in a complaint letter sent to the Post Master on October 18, 2005. (Exh. B to Affidavit of Dominique Wallace attached as Exhibit 1). The Clerk of the Court entered a default against Star Detective on December 29, 2005.

On April 13, 2006 the Court entered an Order to Show Cause why the matter should not be dismissed for failure to prosecute. (Docket # 6). On April 26, 2005, Plaintiffs moved for a judgment by default. (Docket # 7). Their Motion does not contain a certificate of service. Rather than requesting solely the production of Star Detective's books and records, in order to determine Star Detective's unpaid contributions, Plaintiffs "estimated" the unpaid contributions based on undefined documents and requested judgment in that amount. See Paragraph 7, Affidavit of John Sahm, attached to Motion for Default Judgment (Docket # 7, Attach. #5) ("Based on local union records, I estimate that Defendant owes $230,103.97 in principal for these matters."). This Court entered a monetary judgment based on this estimate on November 29, 2006. No further action was taken as to the entry of judgment.

On January 31, 2008, new counsel entered his appearance for Plaintiffs. (Docket # 11). Plaintiffs simultaneously, i.e. on January 31, 2008, moved to alter the judgment to reflect the fact the Complaint had misnamed the Defendant. This Motion to Amend contains a certificate of service and was in fact received by Star Detective. This Court granted that motion on February 1, 2008. Star Detective first learned of the Complaint and subsequent entry of judgment and

2

default judgment after substituted counsel for Plaintiffs served it with the Motion to Alter Judgment.[1] Star Detective now seeks to have the default judgment vacated.

## ARGUMENT

It is well established that a judgment entered when a court does not have jurisdiction should be vacated because the judgment is void. Here, Plaintiffs never served Star Detective with the Complaint. Further, even assuming that Plaintiffs served Star Detective, service was improper. Benetta Rogers, Manager of Human Resources, (the individual on whom service was allegedly made), was not a proper person for service under Federal or Local Rules. Absent proper service, a court does not have jurisdiction over a defendant and the resulting judgment is void. Alternatively, equity requires the judgment be set aside as it is not based on facts and is wildly exaggerated.

### I.     Plaintiffs Did Not Serve Star Detective with the Complaint

The plaintiff bears the burden of burden establishing proper service of process. *See Borah v. Monumental Life Ins. Co.*, 2005 U.S. Dist. LEXIS 592, 04-3617, 2005 WL 83261 (E.D. Pa. Jan. 14, 2005) (citing cases) (in context of Fed. R. Civ. P. 12(b)(5)). "A court may look outside of the pleadings to determine whether service was proper." *Id.* Service of process on a corporation is only valid when made upon an "officer, a managing or general agent, or to any agent authorized by appointment or by law to receive service . . ." Fed. R. Civ. P. 4(h). Additionally, under Fed. R. Civ. P. 4(h) and 4(e)(1), service can be made "pursuant to the law of the state in which the district court is located, or in which service is effected."[2]

---

[1] Since learning of the default judgment entered against it, Star Detective has attempted to settle this matter with Plaintiffs. Such attempts have been unsuccessful to date, thus, this Motion to Vacate.

[2] D.C. Superior Court Rule 4(h) states that a corporate entity can be served "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons,

3

The courts have defined the term "general manager". Typically, a person considered to be a "managing or general agent" has broad authority encompassing general management powers *See, e.g., Harris v. Howard Univ., Inc.*, 28 F. Supp. 2d 1, 12-13 (D.D.C. 1998); *Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981) (in defining the term "managing or general agent," the court stated that "the courts have established the proposition that one invested with general powers involving the exercise of independent judgment and discretion is such an agent"). An officer is a person "elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer." Black's Law Dictionary 1117 (8th ed.2004) *as cited in Rogers v. Washington Fairmont Hotel*, 404 F.Supp.2d 56, 58 (D.D.C. 2005).

In this case, Plaintiffs (i) did not serve Star Detective, and alternatively (ii) did not serve any agent of Star Detective who was authorized to receive the summons and Complaint. A finding as to either or both fact based questions requires that the judgment be vacated.

Plaintiffs represented that they served Star Detective with the Complaint on November 22, 2005. *See* Docket #2, Affidavit in Support of Default.[3] Specifically, the Affiant claimed that Benetta Rogers, HR Manager, was served at 813 East 75th Street, Chicago, Illinois 60619.

---

complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." D.C. Superior Court Rule 4(c)(3) allows for service to be "effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." Similarly, in Illinois, a private corporation may be served by leaving a copy of the process with its registered agent or any officer or agent of the corporation. *See* 735 ILCS 5/2-204.

[3] This Affidavit is sketchy at best. The Affidavit is a form used in the Florida State court system rather than the United States District Courts. It purports to be served by a person whose address is listed as Florida. And while it purports to verify service on a company located on the southside of Chicago, the costs assessed in this matter are $345.00. *See* Declaration of Eunice Washington. (Doc # 7, Attach. # 3).

4

Plaintiffs filed a "Verified Return of Service" signed by Robert C. Regaldado of State Service Corporation, 4030 Powerline Rd., Ft. Lauderdale, FL. *See* Docket #3.

Ms. Rogers categorically denies ever receiving service of the Complaint. *See* Exhibit 2, Affidavit of Benetta Rogers at ¶¶ 3, 4. Compounding the lack of service is that Star Detective did not receive copies of any of the filings or Court orders. *See* Affidavit of Benetta Rogers at ¶ 4. Ms. Rogers' assertion is corroborated by a contemporaneous document. During the relevant time period, Star Detective had a series of problems with its mail service. Specifically, mail that was correctly addressed to Star Detective was either delayed for months or returned to sender. *See* Exhibit 1, Attach. D, Affidavit of Dominique Wallace, Letter from Almeda Dunn, President and CEO of Star Detective to The United States Postal Service dated October 18, 2005.

In short, there is dispute as to whether service occurred. Even if the Court concludes that delivery of the summons to Ms. Rogers did occur, that fact does not constitute proper service. "While the purpose of service is to give a defendant notice of the claims against it, notice alone cannot cure an otherwise defective service." *Whitehead v. CBS / Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) (internal citation omitted). Courts routinely dismiss cases for ineffective service of process, even if the improper method of service happens to lead to actual corporate knowledge of the lawsuit. *See, e.g., Whitehead*, 221 F.R.D. at 3 (citing cases); *Mantis v. Cult Awareness Network*, 1993 U.S. Dist. LEXIS 2083, 92-2240, 1993 WL 62176 (D.D.C. Feb. 26, 1993). Indeed, even *pro se* plaintiffs must comply with the Federal Rules of Civil Procedure and effect proper service. *See, e.g., Lennon v. McClory*, 3 F.Supp.2d 1461 (D.D.C. 1998) (dismissing case without prejudice for, *inter alia, pro se* plaintiff's failure to execute proper service of process).

Assuming arguendo that Plaintiffs delivered a copy of the Complaint to Ms. Rogers– which Ms. Rogers denies – service of process upon Ms. Rogers was improper. Quite simply, Ms. Rogers is not a registered agent of Star Detective, nor is she an "officer, a managing or

5

general agent" of Star Detective. *See* Exhibit 1, at ¶ 5; *see also* Exhibit 2, at ¶ 2. Ms. Rogers is the Human Resources Manager of Star Detective. *See* Exhibit 1, at ¶ 5; *see also* Exhibit 2, at ¶ 1. She is an employee of Star Detective, and she does not have general management authority for Star Detective. *See* Exhibit 2, at ¶ 7. Rather, Ms. Rogers has responsibility for the Human Resources department alone, and her decisions are made under the supervision of ownership of Star Detective. *Id.* Ms. Rogers also answers the phones at Star Detective and serves as its receptionist. *Id.* at ¶ 6. As Manager of Human Resources, Ms. Rogers' duties do not include managing the daily operations of the corporation.

Significantly, this Court held in 2005 that service of process upon a Director of Human Resources was insufficient and dismissed the case. *Rogers v. Washington Fairmont Hotel*, 404 F.Supp.2d 56, 58 (D.D.C. 2005). In that case, to effect service on the defendant, the plaintiff sent a summons and complaint to the defendant's Director of Human Resources. *Id.* The Court found that the Director of Human Resources was not an officer, managing agent, or general agent of the Hotel, and was not otherwise authorized to receive service. *Id.* The Court explained that the Director of Human Resources' duties did not include managing the daily operations of the corporation. *Id.* The Court further noted the Director of Human Resources performed his duties under the supervision of the defendant's General Manager and did not exercise general management powers. As such, the Court found that the service of Director of Human Resources did not effect service of process upon the defendant and dismissed the case. Likewise, in this case, Plaintiffs' alleged service on Ms. Rogers did not constitute service on Star Detective.

6

## II. The Court Lacks Jurisdiction Over Star Detective Because of Insufficient Service Of Process

Where it is found that service of process is insufficient, it is well established that the court does not have personal jurisdiction over the defendant. In such circumstances, courts have held that any resulting judgment against the defendant, here Star Detective, is void and must be vacated pursuant to Federal Rule of Civil Procedure 60(b)(4). *See Roeder v. Islamic Republic of Iran*, 195 F.Supp.2d 140, 159 (D.D.C. 2002) (a judgment void under Rule 60(b)(4) must be vacated by the court); see also *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987) ("an in personam judgment entered without personal jurisdiction over a defendant is void as to that defendant. And, since service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been satisfied") (internal citations omitted); *Schwarz v. Thomas*, 222 F.2d 305, 309 (D.C. Cir. 1955) ("'[n]o showing of merits is necessary in support of a motion to vacate a void judgment'").

Plaintiffs alleged that they served Ms. Rogers, Human Resources Manager. As established above, the Human Resources Manager is not a proper agent for service of process and thus, personal jurisdiction over Star Detective was not established. As a consequence, the resulting default judgment is void. *See Combs*, 825 F.2d at 448 (reversing default judgment as void, finding no effective service); *see also McLaughlin v. Fidelity Sec. Life Ins.*, 667 A.2d 105, 107 (D.C. 1985) ("A default judgment entered in the absence of effective service of process is void."). Accordingly, on this basis alone the default judgment must be vacated.

## III. Plaintiffs' Estimate of Contribution Allegedly Owed Is Incorrect

7

DC1 30227330.3

Further, principles of equity support vacating the judgment. Federal Rule of Civil Procedure 60(b) allows for relief from a judgment at the discretion of the court. *See* Fed. R. Civ. P 60(b); *see also* 11 Wright, Miller & Kane, Federal Practice & Procedure 2d, § 28057, at 254 & n.1 (1995). The court may take into account equitable principles when exercising its discretion under Rule 60(b). *See Associates Discount Corp. v. Goldman*, 524 F.2d 1051, 1054 (3d Cir. 1975) ("It is clear, however, that equitable principles apply to the resolution of the issues in 60(b) cases"). Rule 60(b) must be given a liberal construction -- as the "interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments." *See Kinnear Corp. v. Crawford Door Sales Co.*, 49 F.R.D. 3, 7 (D.S.C. 1970) (internal citations omitted).

Rule 60(b)(1) authorizes the court to give relief from a judgment for "mistake, inadvertence, surprise or excusable neglect." *See* Fed. R. Civ. P 60(b)(1). Additionally, Rule 60(b)(5) allows for relief from a judgment on the grounds that "it is no longer equitable that the judgment should have prospective application." *See* Fed. R. Civ. P 60(b)(5). Both provisions of the Rule apply here.

The Affidavit of Dominique Wallace establishes the Plaintiffs submitted a wildly estimated contribution amount allegedly owed by Star Detective. *See* Exhibit 1. Plaintiffs estimated that Star Detective owed a total of $230,103.97. *See* Docket # 7, Declaration of John Sahm attached to Memorandum of Points and Authorities in support of Motion for Default. Plaintiffs based this estimate on "Local Union records." There is no description of the records obtained and reviewed, no calculations, no explanation as to the basis for the estimate and no other justifications as to the unpaid contributions. A more accurate calculation of damages is that $144,423.40 in unpaid contributions, at most and if any, are due. *See* Exhibit 1, at ¶ 13. This number $144,423.40 represents the then current hourly rate for a guard service employee's

8

wages plus health & welfare, benefits and taxes, divided by the amount of the monthly invoice by the hourly rate to generate the number of hours worked each month, excluding supervisors' hours and overtime hours. *See* Exhibit 1, at ¶ 13. Significantly, this amount includes both union and non-union employees and therefore is an over-inclusive number that creates an upper limit on the amount owed by Star Detective. *See* Exhibit 1, at ¶ 13.

The Court's reliance on Plaintiffs' erroneous estimates mistakenly requires Star Detective to pay almost $100,000 (before interest penalties and fees are added) more than the amount it could possibly owe for contributions. Star Detective should not be forced to pay a judgment based upon erroneous estimates that would potentially provide Plaintiffs with a $100,000 bonanza. The application of such a judgment would be grossly inequitable.

## IV. CONCLUSION

It is, or would be, a miscarriage of justice for the court to refuse to vacate the judgment entered in this matter. Plaintiffs failed to properly serve Star Detective. They stand to realize a windfall from faulty calculations. Once the default is vacated and proper service is effected, the parties should be able to present their respective cases as to the amount of the contributions owed.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the default judgment entered against "Star Detective & Security Agency, Incorporated" on February 1, 2008 be vacated.

                                              Respectfully submitted,

By: /s/ Elisabeth Moriarty-Ambrozaitis
     Peter Chatilovicz, # 210278
     David M. Burns, # 466167
     Elisabeth Moriarty-Ambrozaitis, #488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)

Dated: May 2, 2008                      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendant's Motion to Vacate Default Judgment was served electronically, and also served by first-class U.S. mail, postage prepaid, this 2nd day of May 2008 upon:

>Eunice Harris Washington, Esq.
>SEIU Benefit Funds
>11 Dupont Circle, NW
>Suite 900
>Washington, DC 20036
>
>Richard Carey Welch, Esq.
>Mooney, Green, Baker & Saindon
>1920 L Street, NW
>Suite 400
>Washington, DC 20036
>
>Attorneys for Plaintiffs

   /s/ Elisabeth Moriarty-Ambrozaitis
    Elisabeth Moriarty-Ambrozaitis